IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERRAL SCHRAY STUART                                                                               PLAINTIFF

v.                                       Civil No. 4:18-cv-04034

WARDEN WALKER; LIEUTENANT
MILLER; CAPTAIN ADAMS; CORPORAL
SMITH; SERGEANT GUTHRIE; and
CORPORAL PATTERSON                                                                              DEFENDANTS

**ORDER**

Plaintiff Gerral Schray Stuart filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on March 13, 2018. (ECF No. 1). Before the Court is Plaintiff's failure to obey a court order and failure to prosecute this case.

With his Complaint, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). However, Plaintiff failed to complete the certificate of funds portion of the IFP application. On March 13, 2018, the Court entered an order directing Plaintiff to complete and return a new IFP application by April 3, 2018. (ECF No. 3). Plaintiff was advised in the order that failure to return the completed IFP application within the required period of time may result in the dismissal of this case. On March 26, 2018, the order was returned to the Court as undeliverable. (ECF No. 6).

On April 11, 2018, the Court directed the Clerk to change the address of Plaintiff to Ouachita River Unit, P.O. Box 1630, Malvern, AR 72104.[1]  (ECF No. 7). That same day, the Clerk resent the order directing Plaintiff to complete and return his IFP application giving him until April 25, 2018, to comply with the Court's order. *Id.*  To date, Plaintiff has not filed a completed IFP application.

---

[1] Plaintiff notified the Court of his change of address in another case he has pending in the Western District of Arkansas. As a result, the Clerk was directed to enter Plaintiff's new address of record in this case.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a Court order and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED THIS 10th day of May 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge